# Allison *v.* Wood, Appellant.

*Suretyship—Consideration.*

Where the promoter of a railroad induces another to take stock in the company, by promising that the railroad shall be finished by a certain date, or in default thereof that the subscription shall be returned by the company, and if not by the company by the promoter himself, the consideration for the promise is the subscription by the promisee to the stock of the company.

*Subscription to stock—Promise by promoter to refund subscription.*

A letter from the defendant to the plaintiff was as follows : " In consideration of your subscription of $5,000 to the stock of the proposed Philadelphia and Sea Shore Railway Company, I agree that it is understood that the said road shall be completed to Cape May by the 1st. of Oct., 1890, and in default thereof, I agree that the money paid by you on said subscription shall be returned to you by the said company, or in default thereof I shall do it myself, at that time." *Held,* that this was a contract of suretyship based upon a sufficient consideration.

Argued Jan. 11, 1892. Appeal, No. 438, Jan. T., 1891, by defendant, from order of C. P. No. 4, of Philadelphia Co., Dec. T., 1890, No. 305, making absolute a rule for judgment. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

Assumpsit by William C. Allison against Edward R. Wood. The plaintiff's statement set forth the contract quoted in the Supreme Court. The defendant filed an affidavit of defence in which he averred that the contract in writing, was a contract of guaranty and not of suretyship ; and that as the plaintiff had made no demand upon the railroad company, and had not shown that the company was in default, the defendant was not liable. The affidavit further averred that the contract was without consideration, "and is and was nudum pactum." The court made absolute a rule for judgment for want of a sufficient affidavit of defence. Defendant appealed.

*Error assigned* was the order of the court making absolute the rule for judgment.

*William W. Wiltbank, Theodore A. Tack* with him, for appellant, cited Hare on Cont., p. 224; Bixler v. Ream, 3 P. & W. 282; Cobb v. Page, 17 Pa. 469; Shorb's Ex'rs v. Shultz, 43 Pa. 207; Martin's Estate, 131 Pa. 638; Edgell v. McLaughlin, 6 Whart. 175; Brua's Appeal, 55 Pa. 294; Heidenheimer v. Mayer, 10 Jones & Spen. 506 (N. Y.); Mountstephen v. Lakeman, L. R. 5 Q. B. 613; L. R. 7 Q. B. 196, 202; 7 H. L. 17; DeColyar on Guar. 185; Fritz v. Hathaway, 135 Pa. 274.

*Samuel Dickson,* for appellee.

PER CURIAM, January 25, 1892.

We agree with the court below that the affidavit of defence is insufficient. The plaintiff's statement of claim avers that his subscription to the stock of the Phila. & Sea Shore Ry. Co. was made upon the faith of the letter of the defendant to the plaintiff, dated Sept. 4, 1889. In this letter the defendant said: "In consideration of your subscription of $5,000 to the stock of the proposed Phila. & Sea Shore Ry. Co., I agree that it is understood that the said road shall be completed to Cape May by Oct. 1, 1890, and, in default thereof, I agree that the money paid by you on said subscription shall be returned to you by the said company, or, in default thereof, I shall do it myself, at that time."

This was a contract of suretyship, based upon a sufficient consideration. It sometimes happens that the promoters of railways, and other enterprises, induce their friends to take stock therein, by holding out inducements like the foregoing, or others of a similar character. In such instances the consideration for the promise is the subscription by the promisee to stock which he did not want, in an enterprise in which he felt no particular interest. It is only just that a person who induces others to subscribe for stock under such circumstances should be held to his contract.

Judgment affirmed.